■ BABY TOGS, INC., Appellant, v HAROLD TRIMMING COMPANY, INC., Respondent.—Judgment, Supreme Court, New York County, entered October 17, 1977, granting defendant judgment dismissing the complaint, and

judgment on the counterclaim, is unanimously modified, on the law, to reverse so much of the judgment as grants judgment dismissing the complaint, and defendant's motion for summary judgment dismissing the complaint is denied, and the judgment is otherwise affirmed, with $75 appeal costs and disbursements to plaintiff-appellant. The judgment on the counterclaim shall be severed. Appeal from order, Supreme Court, New York County, entered September 23, 1977, is dismissed as subsumed in the judgment, without costs and without disbursements. Plaintiff has expressly withdrawn its appeal from the judgment in favor of defendant on the counterclaim. Plaintiff's papers in opposition to the motion for summary judgment dismissing the complaint are sufficient to raise a triable issue of fact to support its version of the facts. That version is that plaintiff and defendant agreed that plaintiff would buy certain tape at a price of $46 per thousand yards or $.046 per yard; that in writing out the order plaintiff's employee made a mistake in the placement of the decimal point so that the order was written .46 per yard, and that plaintiff by mistake paid on that basis, and defendant refuses to refund the excess amount of $12,144. If plaintiff is able to establish this version, plaintiff may come within the rule which invokes "the equitable doctrine of reformation on the following basis: ' "Where there is no mistake about the agreement and the only mistake alleged is in the reduction of the agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected." *(Born v. Schrenkeisen,* 110 N. Y. 55, 59.)' " *(Nash v Kornblum,* 12 NY2d 42, 46-47.) The *Nash* case involved precisely an error in the written agreement due to an arithmetical miscalculation by the party seeking reformation so that the written agreement did not correctly embody the true agreement of the parties. In such a case, the Court of Appeals said (p 48): "it was unnecessary for the plaintiff to establish fraud on the part of the defendant. Perhaps reformation could have been predicated upon a unilateral mistake on one side and deceptive conduct on the other side which tended to obscure the true agreement (cf. Restatement, Contracts, § 505)." That plaintiff is mistaken in its legal theory should not result in summary judgment dismissing the complaint where the facts may show that the plaintiff is entitled to relief on a proper legal theory. Concur—Birns, J. P., Sandler, Sullivan and Silverman, JJ.