■ ALEXANDER NUSCA, Appellant, v LEO R. FODERA et al., Respondents, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the plaintiff owns 25% of the issued and outstanding shares of stock of the defendant Rex Holdings, Inc., the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Graci, J.), entered November 8, 1985, as granted the motion of the defendants Leo Richard Fodera and Rex Holdings, Inc., for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The facts most favorable to the plaintiff show that in early 1972, the plaintiff was the contract vendee of a certain parcel of land in The Bronx and held an option to purchase another parcel nearby. At that time, the plaintiff met Dr. Mario Tagliagambe, who expressed an interest in developing the properties with him. In April or May 1972 the plaintiff orally agreed with Tagliagambe to transfer the plaintiff's interest in the properties to the defendant Rex Holdings, Inc., a corporation controlled by the defendant Fodera, in exchange for 25% of the corporation's issued and outstanding stock. No written agreement was made because Tagliagambe told the plaintiff that a writing was unnecessary. In May and October 1972, Rex Holdings took title to the two parcels.

The plaintiff never received the promised stock and never received any money or other remuneration for the assignment of his interest in the properties. In the years following 1972 he remained in contact with Tagliagambe and Fodera and performed various services in relation to the properties.

In 1983, the plaintiff learned that Tagliagambe had died. During a subsequent meeting with Fodera, the plaintiff was told that he had "been had" by Tagliagambe and that Fodera did not recognize any ownership interest of the plaintiff in Rex Holdings, Inc.

In July 1984, the plaintiff commenced this action against Fodera, Rex Holdings, Inc., and others seeking, *inter alia,* a declaration that the plaintiff was entitled to 25% of the stock of Rex Holdings, $1,000,000 in damages for fraud, and $4,300,000 in damages for prima facie tort. In November 1985, the plaintiff's complaint was dismissed as to the respondents as barred by the Statute of Limitations.

We affirm. The plaintiff's declaratory judgment cause of action arose from an alleged contract and was therefore governed by the six-year Statute of Limitations (see, CPLR 213 [2]; Solnick v Whalen, 49 NY2d 224). The claim accrued upon the breach of the contract, i.e., the time when the defendants failed to perform as required by the contract (see, Kassner & Co. v City of New York, 46 NY2d 544). Since the agreement did not specify the time at which the stock was to be transferred to the plaintiff, an agreement that performance would take place within a reasonable time was inferred (see, City of New York v New York Cent. R. R. Co., 275 NY 287). In order for the plaintiff's claim to have been timely commenced, the cause of action would have had to accrue no earlier than July 1978, a date which was more than six years after the dates of the alleged agreement and of the plaintiff's performance. Under the particular circumstances of this case, any reasonable time within which the defendants had to act expired before July 1978. The contract was therefore breached more than six years prior to the commencement of this suit, and this cause of action was untimely.

The plaintiff's second cause of action, which alleges fraud, was also properly dismissed. In the circumstances presented, any period of time required for a reasonably diligent plaintiff to discover the facts constituting the fraud certainly expired more than two years prior to the commencement of the action (see, CPLR 203 [f]; 213 [8]).

The plaintiff's third cause of action alleged prima facie tort. Since the acts complained of occurred in 1972, some 12 years before the instant suit was instituted, this cause of action was also time barred and was therefore properly dismissed. Thompson, J. P., Lawrence, Weinstein and Eiber, JJ., concur.