■ John W. Piatko, Respondent, v Bethlehem Steel Corporation et al., Appellants.—Order unanimously affirmed without costs. Memorandum: Defendant contends that Special Term erred in denying its motion for summary judgment. It further asserts that plaintiff's causes of action are preempted by the Employee Retirement Security Act of 1974. (ERISA; 29 USC § 1001 *et seq.)*

Plaintiff's complaint alleges that he was a participant in an ERISA pension plan and made application for benefits under the plan which was denied by defendant. He characterizes his causes of actions as sounding in contract and tort. As plaintiff's claims relate to an ERISA-regulated employee benefit plan, they are preempted by ERISA § 514 (a) (29 USC § 1144 [a]; *Pilot Life Ins. Co. v Dedeaux,* 480 US —, 95 L Ed 2d 39 [1987]; *Metropolitan Life Ins. Co. v Taylor,* 480 US —, 95 L Ed 2d 55 [1987]); however, State courts have concurrent jurisdiction over this claim (ERISA § 502 [e] [1]; 29 USC § 1132 [e] [1]). Special Term properly denied defendant's motion for summary judgment as plaintiff, despite his error in legal theory, has alleged facts supporting a cause of action over which it had jurisdiction *(Baby Togs v Harold Trimming Co.,* 67 AD2d 868,

869). (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—summary judgment.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.