■ JERRY FELDMAN, Individually, as a Shareholder and in the Right of Robert L. Teitelbaum, Inc., Respondent, v ROBERT L. TEITELBAUM, Appellant, et al., Defendant.—In an action, *inter alia,* to compel the defendant Robert L. Teitelbaum to issue and deliver to the plaintiff Jerry Feldman 50 shares of stock in the defendant corporation, and for an accounting, the defendant Robert L. Teitelbaum appeals (1) from an order of the Supreme Court, Dutchess County (Benson, J.), entered February 1, 1989, which granted the plaintiff's motion for leave to enter a judgment upon the defendants' default in answering, (2) from so much of a decision of the same court, dated March 6, 1989, which, upon reargument, adhered to the original determination in the order entered February 1, 1989, (3) from so much of an order of the same court, entered July 5, 1989, as upon reargument, adhered to the original determination in the order entered February 1, 1989, and (4) from a judgment of the same court, dated June 29, 1989, which, *inter alia,* is in favor of the plaintiff and against him, directing him to issue and deliver to the plaintiff 50 shares of stock in the defendant corporation, representing the plaintiff's 25% interest in the defendant corporation, and appointing a Referee to determine damages. The appeal from the judgment brings up for review an order of the same court, entered November 16, 1988, which denied the appellant's motion to dismiss the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the appeal from the orders entered February 1, 1989 and July 5, 1989, respectively, are dismissed; and it is further,

Ordered that the judgment dated June 29, 1989 is reversed, on the law, the decision, the orders appealed from, and the order entered November 16, 1988 are vacated, the appellant's motion to dismiss the complaint is granted, and the complaint is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the orders entered February 1, 1989 and July 5, 1989, respectively, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(Matter of Aho,* 39 NY2d 241, 248). The

issues raised on appeal from those orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Although the judgment appealed from was entered upon the appellant's default in answering the complaint, it is now well settled that "an appeal would lie from such a final judgment but review would be limited to 'matters which were the subject of contest below' *(James v Powell,* [19 NY2d 249], 256, n 3)" *(Katz v Katz,* 68 AD2d 536, 541). In the case at bar, the appellant moved to dismiss the complaint "in it's *[sic]* entirety" based "upon the grounds *[sic]* that the alleged causes of action are barred by the statute of limitations". This motion was opposed by the plaintiff, and by order entered November 16, 1988, the Supreme Court denied the motion.

The motion of the appellant should have been granted. The complaint was served on him in December 1987. The first cause of action seeks "a mandatory injunction" ordering the appellant "to issue and to physically deliver to Plaintiff his 50 shares of stock in Defendant corporation", pursuant to a written agreement between the plaintiff and the appellant dated December 30, 1977. The first cause of action is essentially one for specific performance of a contract to sell the plaintiff a part of the appellant's ownership interest in the defendant corporation. Accordingly, it is governed by the six-year Statute of Limitations *(see,* CPLR 213 [2]; *Lituchy v Guinan Lithographic Co.,* 60 AD2d 622). A review of the contract's terms indicates that it was to be performed by the appellant "on the date hereof". Accordingly, any breach of contract by the appellant occurred on December 30, 1977, and the first cause of action is therefore time barred *(see, Simon v Electrospace Corp.,* 28 NY2d 136, 145; *cf., Lituchy v Guinan Lithographic Co., supra; Bernstein v La Rue,* 120 AD2d 476). Since the plaintiff cannot prevail on his first cause of action, his second cause of action, i.e., a purported shareholders' derivative action, must also be dismissed. In view of our determination, we do not address the merits of the appellant's motion to vacate his default in answering the complaint. Mangano, P. J., Kunzeman, Eiber and Harwood, JJ., concur.