■ JOHN NALEZENEC, as Executor of NELLIE NALEZENEC, Deceased, and by MARGARET TALBOYS, as Attorney-in-Fact, on Behalf of Himself and All Other Persons Similarly Situated, Respondent, v BLUE CROSS OF WESTERN NEW YORK, INC., et al., Appellants. [595 NYS2d 268] —Order unanimously affirmed with costs. Memorandum: Plaintiff John Nalezenec enrolled in a health care plan provided by Local 55 UAW Welfare Fund through his employer. Upon retirement, Nalezenec continued to participate by paying premiums to the Plan for Over 65 Limited Hospital Coverage, Over 65 Limited Medical Coverage, and a Major Medical rider provided by defendants. Nalezenec's wife was admitted to a skilled nursing facility in 1987. Medicare paid the entire costs of her care for the first 20 days after admission and paid part of the costs for the next 80 days. At that point, Medicare benefits for that care were exhausted. Defendants, pursuant to coverage provided by the Major Medical rider, paid the remaining part of the 80-day costs, but advised the Nalezenecs that it would not provide benefits beyond that date because, in their sole judgment, Mrs. Nalezenec did not require further skilled nursing care.

The Nalezenecs commenced an action against defendants for benefits that should have been paid after Medicare benefits were exhausted, for a declaration of the rights of the parties concerning skilled nursing care coverage under the Major

Medical rider, and for damages, including punitive damages, sustained by plaintiffs by reason of defendants' denial of benefits. The first cause of action of the complaint asserted that the rider provision authorizing the insurer to determine, in its sole judgment, whether skilled nursing care was required was unconscionable and that defendants' determination was improper in the absence of medical proof of a change of condition. The second cause of action alleged that defendants engaged in a standard practice of denying such benefits upon the exhaustion of Medicare coverage, which was tantamount to a coverage "exclusion", and that nondisclosure of that practice or "exclusion" before and during enrollment in the plan constituted fraudulent concealment. Supreme Court (Ostrowski, J.) dismissed that part of the first cause of action alleging unconscionability and that part of the second cause of action seeking punitive damages. This Court affirmed, concluding that the "sole judgment" rider provision was not unconscionable *(Nalezenec v Blue Cross,* 172 AD2d 1004, 1005).

Plaintiffs then served an amended complaint restating the breach of contract and fraud bases for relief. Defendants moved to dismiss the amended complaint for failure to state a cause of action (CPLR 3211 [a] [7]), contending that the State common-law claims asserted by plaintiffs were preempted by the Employee Retirement Income Security Act of 1974 (ERISA; 29 USC § 1001 *et seq.).* Supreme Court denied that motion upon the ground that factual issues existed whether the causes of action were preempted by ERISA. We agree with Supreme Court that the motion should have been denied, but our reasoning differs.

Causes of action for fraud in the inducement and for common-law fraud and breach of contract are preempted by ERISA where ERISA provides a remedy for the wrongs asserted *(see, Perry v P*I*E Nationwide,* 872 F2d 157, 162, *cert denied* 493 US 1093; *Dependahl v Falstaff Brewing Corp.,* 653 F2d 1208, 1215, *cert denied* 454 US 968). ERISA authorizes a participant to bring a civil action to recover accrued benefits due under the plan and to seek a declaratory judgment on the entitlement to benefits provided by the plan (29 USC § 1132 [a] [1] [B]; *Pilot Life Ins. Co. v Dedeaux,* 481 US 41, 53), the relief sought by plaintiffs in the amended complaint. Further, whether defendants properly determined that Mrs. Nalezenec no longer required skilled nursing care "relates to" administration of an ERISA plan and a participant's entitlement to benefits under that plan *(see, Diduck v Kaszycki & Sons Contrs.,* 974 F2d 270, 287-288; *Amos v Blue Cross-Blue Shield,*

868 F2d 430, 432, *cert denied* 493 US 855). Thus, we conclude that the causes of action asserted in the amended complaint were preempted by ERISA.

State courts have concurrent jurisdiction over civil actions commenced by participants for ERISA relief (29 USC § 1132 [e] [1]). Defendants' counsel, in moving to dismiss, stated that the Plan constituted an "employee welfare benefit plan" (29 USC § 1002 [1]) and that John Nalezenec was a "participant" in such a plan (29 USC § 1002 [7]). On appeal, defendants concede that John Nalezenec was a participant in an employee welfare benefit plan. Because the amended complaint seeks relief available under ERISA and defendants have conceded that John Nalezenec is a participant in an ERISA plan, we deem the amended complaint to state causes of action for ERISA relief. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.