■ JAGDISH C. MANGLA, Respondent, v UNIVERSITY OF ROCHESTER et al., Appellants. [609 NYS2d 476] —Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff commenced this action against defendants University of Rochester and Strong Memorial Hospital seeking to recover short-term and long-term disability payments. Plaintiff also sought to recover damages for infliction of emotional distress arising out of defendants' refusal to settle the disability issue in plaintiff's favor. Defendants moved for summary judgment dismissing the intentional tort cause of action and that part of plaintiff's first cause of action seeking payment of long-term disability benefits. The IAS Court erred in denying defendants' motion.

We reject defendants' contention that the first cause of action is preempted by the Employee Retirement Income Security Act of 1974 (ERISA; 29 USC § 1001 *et seq.).* That cause of action is not based on a breach of contract *(cf., Montner v Interfaith Med. Ctr.,* 157 Misc 2d 583), but seeks redress pursuant to the civil enforcement provision of ERISA *(see,* 29 USC § 1132 [a] [1] [B]). Nevertheless, the first cause of action, insofar as it seeks to recover long-term disability benefits, must be dismissed because ERISA does not authorize claims against a nonfiduciary *(see, Leonelli v Pennwalt Corp.,* 887 F2d 1195). Plaintiff did not submit any evidence in admis-

sible form in opposition to documents submitted by defendants showing that their administration of the long-term disability benefits plan was ministerial only *(see,* 29 USC § 1002 [21] [A]); therefore, that part of the first cause of action should have been dismissed.

Defendants' actions in sending two letters to plaintiff, one setting forth "ground rules" relative to future contact between plaintiff and defendants and the other advising plaintiff that his appointment was terminated, are not " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment *d).* Plaintiff's unspecified allegation of contact between defendants and various undisclosed insurance companies is not supported by any proof in evidentiary form. Plaintiff's second cause of action, therefore, should have been dismissed. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.