■ LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent, v JACOB SCHREM, Appellant. [642 NYS2d 668] —Judgment, denominated an order, Supreme Court, New York County (Stuart Cohen, J.), entered August 22, 1994, which, after a non-jury trial, granted petitioner's application to permanently stay arbitration, is unanimously reversed, on the law and the facts, without costs, the petition is denied and the judgment is vacated. Appeal from the order, same court and Justice, entered November 3, 1995, which denied respondent's motion to vacate the judgment, is dismissed as moot, without costs.

Despite the fact that both parties erroneously relied on the standard, rather than the supplemental insurance policy, which was noted by the IAS Court, the interpretation of an insurance policy is a question of law which can be raised for the first time on appeal (*State of New York v U.W. Marx, Inc.*, 209 AD2d 784). As a result, we may consider the language of both the standard and supplemental policies in determining whether arbitration was properly stayed.

A review of the applicable language reveals that although the standard policy contains a requirement that a sworn statement be provided within 90 days of the occurrence, the uninsured coverage section of the supplemental policy issued to respondent contains no written notification requirement. In view of the ambiguity created by the clauses, it was not necessary for respondent to submit a sworn statement concerning the accident (*see, Matter of Empire Ins. Co. v Kaparos*, 183 AD2d 566).

Accordingly, the notification to the petitioner of the accident by the respondent and his attorney, in addition to the detailed statement containing a diagram of the accident and the fact that it was "hit and run", which was forwarded to the petitioner within 90 days of the incident, were sufficient to place the petitioner on notice that respondent was seeking to file an uninsured motorist claim. Concur—Milonas, J. P., Kupferman, Williams and Tom, JJ.