■ Dolores Bianculli, Appellant, v Ralph Bianculli et al., Respondents. [663 NYS2d 217] —In an action, *inter alia,* to set aside a deed, the plaintiff appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Nassau County (Alpert, J.), dated March 18, 1996, which, *inter alia,* granted those branches of the defendants' cross motion which were to dismiss the first through fourth, sixth through eleventh, seventeenth, and twentieth through twenty-seventh causes of action, and partially dismissed the fifteenth cause of action, (2) so much of an order of the same court, dated July 1, 1996, as, upon granting that branch of the defendants' motion which was, in effect, to compel the enforcement of a 1986 agreement between the parties, established procedures for the execution of that agreement, (3) stated portions of an order of the same court, dated November 1, 1996, which, *inter alia,* denied those branches of her motion which were to consolidate the action with an action entitled *Bianculli v Bianculli,* Index No. 16034/85, in the Supreme Court, Nassau County, and to re-

scind the 1986 agreement, (4) stated portions of an order of the same court, also dated November 1, 1996, which, *inter alia*, denied that branch of her motion which was to amend the complaint, (5) stated portions of an order of the same court, also dated November 1, 1996, which, *inter alia*, denied her motion to stay the enforcement of stated provisions of the order dated July 1, 1996, (6) so much of an order of the same court, also dated November 1, 1996, as denied that branch of her motion which was for reargument, and (7) an order of the same court, also dated November 1, 1996, which, *inter alia*, set the conditions for the eviction of the plaintiff from the subject premises.

Ordered that the order dated March 18, 1996, is modified by deleting the provisions thereof which granted those branches of the defendants' cross motion which were to dismiss the first through fourth, sixth through eleventh, and twentieth through twenty-seventh causes of action, and partially dismissed the fifteenth cause of action, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order dated March 18, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 1, 1996, is reversed insofar as appealed from, and that branch of the defendants' motion which was, in effect, to compel the enforcement of a 1986 agreement between the parties is denied; and it is further,

Ordered that the order dated November 1, 1996, which, *inter alia*, denied that branch of the plaintiff's motion which was to rescind the 1986 agreement between the parties is modified by deleting therefrom the provision which held the 1986 agreement to be enforceable and substituting therefor a provision submitting that issue for trial; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 1, 1996, which, *inter alia*, denied that branch of the plaintiff's motion which was to amend the complaint is modified by deleting therefrom the provisions which denied those branches of her motion which were to add causes of action denominated in her motion papers as "18", "19", "20", "23", "24", "26", "27", and "29" of the proposed amended complaint and substituting therefor a provision granting those branches of her motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated November 1, 1996, which, *inter alia*, denied the plaintiff's motion to stay the enforcement of stated provisions of the order dated July 1, 1996, is dismissed as academic; and it is further,

Ordered that the appeal from the order dated November 1,

1996, which denied that branch of the plaintiff's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from the order dated November 1, 1996, which, *inter alia*, set the conditions for the eviction of the plaintiff from the subject premises is dismissed as academic; and it is further,

Ordered that the $35,000 bond filed by the defendants as a condition for allowing the eviction of the plaintiff from the home and its sale be continued pending resolution of the matter; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

This appeal arises from the use and ownership of property located in Floral Park, New York, which was the marital home of the plaintiff before the death of her husband in 1977. In February 1984, apparently due to difficulties in maintaining the property, the plaintiff executed a deed conveying the property to one of her four sons, the defendant Ralph Bianculli. In June 1984 Ralph and the plaintiff executed a written agreement (hereinafter the 1984 agreement) wherein Ralph agreed, *inter alia*, to pay the plaintiff $60,000 for the property and to allow her to live in the home rent-free for as long as he owned it. Approximately one year later, however, disagreements arose and the plaintiff commenced an action entitled *Bianculli v Bianculli*, Index No. 16034/85, in the Supreme Court, Nassau County (hereinafter the 1985 action) to set aside the deed as the product, *inter alia*, of fraud.

In September 1986 Ralph and the plaintiff entered into another agreement concerning the property (hereinafter the 1986 agreement). The 1986 agreement purports to set forth two options for the purchase and use of the property. Ralph contends that the 1986 agreement settled the 1985 action and set forth two alternatives for the disposition of the property. The first was that the plaintiff and another of her sons purchase the property and that she retain a life estate therein. The second was that Ralph purchase the property and that the plaintiff retain the right to live in the home rent-free only for so long as Ralph owned the property. Upon the sale of the property, Ralph asserts, the plaintiff was to vacate the premises and be paid $35,000. Ralph argues that, by virtue of her actions, the plaintiff selected the second alternative. The plaintiff argues, *inter alia*, that the 1986 agreement granted her a life estate in the property regardless of which option was exercised.

In 1988 Ralph conveyed the property to himself and the defendant Pamela Bianculli, his wife. The plaintiff claims that,

over the next several years, Ralph and Pamela engaged in a pattern of harassment intended to deprive her of her rights under the 1986 agreement. Accordingly, in 1995, after receiving an eviction letter, the plaintiff commenced the instant action against the defendants. The plaintiff sought, *inter alia,* the conveyance of the property to her, recission of the various deeds, an accounting of rents, and damages for various torts and other alleged injuries arising from her tenancy at the property. After the defendants answered, the parties engaged in extensive motion practice. The relevant provisions of the orders appealed from may be summarized as follows: by order dated March 18, 1996, the Supreme Court, *inter alia,* granted partial summary judgment to the defendants on 19 of the plaintiff's 27 causes of action. By order dated July 1, 1996, the court granted that branch of the defendants' motion which was, in effect, to compel the enforcement of the 1986 agreement to the extent of permitting the defendants to evict the plaintiff, sell the property, and pay to the plaintiff $35,000. By five orders dated November 1, 1996, the court, *inter alia,* denied those branches of the plaintiff's motions which were to consolidate the 1985 action with the 1995 action, to amend her complaint in the 1995 action, and to stay her eviction and the sale of the property. We note that, during the pendency of this appeal, the plaintiff has apparently vacated the premises and the property has been sold.

The Supreme Court properly declined to consolidate the 1985 action with the instant action. Ralph never answered the complaint in the 1985 action. However, the plaintiff, without explanation or proffer of cause, has never sought leave to enter a default judgment (*see,* CPLR 3215 [c]). Indeed, the plaintiff executed a stipulation canceling a lis pendens that she had filed in connection with the action. Thus, the 1985 action must be deemed abandoned.

However, the record does not support the Supreme Court's summary determination that the 1986 agreement both settled the plaintiff's 1985 action and empowered the defendants to evict her and sell the property. The import of the 1986 agreement, the terms of which are internally inconsistent and ambiguous, and the parties' intent in executing it, present questions of fact that cannot be resolved on the record as it stands (*cf., Gray v Pashkow,* 79 NY2d 930). For example, pursuant to paragraph 3 of "Option A" of the agreement, the plaintiff is given a life estate in the property. Pursuant to paragraph 1 of "Option B", the plaintiff is apparently given the right to reside rent-free at the property only until it is sold.

However, paragraph 5 of Option B purports to incorporate by reference paragraph 3 of Option A. This inconsistency, which concerns the interpretation of a contract, was permissibly raised for the first time in a motion for reargument (*see, Lumbermans Mut. Cas. Co. v Schrem,* 227 AD2d 280). Accordingly, the Supreme Court erred in summarily holding that the 1986 agreement settled and, therefore, extinguished the claims made by the plaintiff in the 1985 action (*see, Meleo v Rochester Gas & Elec. Corp.,* 72 AD2d 83), and that the rights afforded each of the parties under the agreement were clear. Thus, the plaintiff should have been permitted to amend her complaint in the instant action both to assert claims raised in the 1985 action and to assert rights of ownership and use of the property allegedly afforded pursuant to the 1986 agreement.

The plaintiff's claim that the defendants improperly failed to provide her with heat should not have been dismissed based on her incorrect reference to Real Property Law §§ 235 and 235-a rather than Real Property Law § 235-b (*see, Baby Togs v Harold Trimming Co.,* 67 AD2d 868).

In light of the issues raised in this action, we direct that the $35,000 bond filed by the defendants as a condition for allowing the eviction of the plaintiff from the home and its sale be continued pending resolution of this matter.

The parties' remaining contentions are without merit. Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.