RICHARD A. COLE, M.D., Respondent, v NORTH AMERICAN ADMINISTRATORS, INC., Appellant, et al., Defendants. (Appeal No. 1.) [782 NYS2d 897]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered December 19, 2002. The order, insofar as appealed from, denied that part of the motion of defendant North American Administrators, Inc. for summary judgment dismissing the cause of action based on the Employee Retirement Income Security Act against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff practiced medicine in Erie, Pennsylvania and provided services to patients covered by certain employee benefits plans in New York before he was suspended from the practice of medicine in 1992. Plaintiff alleges that North American Administrators, Inc. (defendant), the benefits plan administrator for several employers, unlawfully refused to pay him for services rendered to persons covered by plans that defendant administered. We conclude that Supreme Court properly denied that part of the motion of defendant seeking summary judgment dismissing plaintiff's cause of action based on the Employee Retirement Income Security Act of 1974 ([ERISA] 29 USC § 1001 et seq.) against it. Defendant failed to establish as a matter of law that it is not an ERISA fiduciary. Although a benefits plan administrator that performs purely ministerial functions is not an ERISA fiduciary (see Mangla v University of Rochester, 202 AD2d 1019, 1019-1020 [1994]; see also § 1002 [21] [A]), plaintiff has raised issues of fact whether defendant's duties are purely ministerial. Defendant's contract with one employer, for example, provides that defendant will not pay any benefits "which are not, in its judgment, payable under the Plan." It also provides that, if defendant is in doubt about interpretation of the Plan, "it shall promptly notify [the employer,] which shall render the judgment on the interpretation to be followed" by defendant. Because defendant failed to establish that it retained no discretion over eligibility determinations, it has failed to establish as a matter of law that it was not

an ERISA fiduciary (*see e.g. Denniston v Taylor,* 2004 WL 226147 [2004]\*10-\*11, 2004 US Dist LEXIS 1512, \*27-\*31 [SD NY, Feb. 4, 2004]; *cf. New York State Teamsters Council Health & Hosp. Fund v Centrus Pharm. Solutions,* 235 F Supp 2d 123, 126-128 [2002]; *see generally* § 1002 [21] [A]).

To the extent that defendant's motion for leave to renew and reargue did not raise any new question of law or fact, that part of the motion is deemed a motion for leave to reargue, and the appeal from the order in appeal No. 2 insofar as it denied that part of the motion must be dismissed (*see Empire Ins. Co. v Food City,* 167 AD2d 983, 984 [1990]). To the extent that the motion can be construed as a motion for leave to renew, we conclude that it was properly denied because the facts submitted on the motion "would not change the outcome of [the original] motion" (*Boreanaz v Facer-Kreidler,* 2 AD3d 1481, 1482 [2003]). Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.