SIDNEY D. HOLBROOK, Respondent, v NATIONAL FUEL GAS DISTRIBUTION CORPORATION et al., Appellants. [782 NYS2d 305]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered January 7, 2004. The order, insofar as appealed from, denied defendants' motion to dismiss the first and second causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff, a former employee of defendant National Fuel Gas Distribution Corporation, commenced this action alleging that defendants wrongfully denied him certain benefits of his former employment, including the value of

certain stock options purportedly exercised by him during his employment (first cause of action) and the value of certain "top hat" pension benefits (second cause of action). Defendants appeal from those parts of an order that denied their motion to dismiss plaintiff's first cause of action as barred by the statute of limitations and plaintiff's second cause of action based on the preemptive effect of the Employee Retirement Income Security Act of 1974 ([ERISA] 29 USC § 1001 *et seq.*), which defendants assert has resulted in plaintiff's failure to state a cause of action and a lack of subject matter jurisdiction over the cause of action in state court.

Supreme Court properly concluded that the first cause of action is not barred by the statute of limitations, which the court further properly determined to be six years in accordance with CPLR 213 (2) (*see Yatter v William Morris Agency,* 256 AD2d 260, 260-261 [1998]; *Feldman v Teitelbaum,* 160 AD2d 832, 833 [1990], *lv denied* 76 NY2d 705 [1990]; *Nusca v Fodera,* 129 AD2d 568, 569 [1987]; *Rossi v Oristian,* 50 AD2d 44 [1975]). Contrary to defendants' contention, section 2-725 of the Uniform Commercial Code has no application here, because it pertains only to contracts for the sale of goods (*see* UCC 2-102), and the term "goods" is specifically defined to exclude "investment securities" (UCC 2-105 [1]).

With respect to that portion of defendants' motion seeking dismissal of the second cause of action, we note that the court erred in concluding that the plan in question is an "excess benefit plan" specifically exempt from the substantive provisions of ERISA (*see Garratt v Knowles,* 245 F3d 941, 945-948 [2001]; *see generally* 29 USC § 1002 [36]; § 1003 [b]). We conclude that the plan is, instead, a "top hat" plan that is subject to ERISA, more particularly to the provisions of ERISA authorizing a plan participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" (§ 1132 [a] [1] [B]; *see Fields v Thompson Print. Co.,* 363 F3d 259, 268 n 5 [2004], citing *Kemmerer v ICI Ams.,* 70 F3d 281, 286 [1995], *cert denied* 517 US 1209 [1996]). Moreover, we conclude that, in view of the broad preemptive effect of ERISA, the allegations set forth in plaintiff's second cause of action may not be resolved on the basis of state contract law. Nevertheless, the court properly denied defendants' motion to dismiss the second cause of action, which on its face alleges facts sufficient to state a cause of action under ERISA (*see Piatko v Bethlehem Steel Corp.,* 134 AD2d 954 [1987]; *see also Nalezenec v Blue Cross of W. N.Y.,* 191 AD2d

982, 984 [1993]). State courts have concurrent jurisdiction over some civil actions commenced by plan participants for relief pursuant to ERISA, particularly those actions alleging the improper denial of benefits under ERISA plans (*see* 29 USC § 1132 [e] [1]; *Nalezenec,* 191 AD2d at 984; *Piatko,* 134 AD2d at 954; *Thomas v Best,* 104 AD2d 37, 40 [1984]; *Montner v Interfaith Med. Ctr.,* 157 Misc 2d 583, 593 [1993]; *Young v Sheet Metal Workers' Intl. Assn. Prod. Workers Welfare Fund,* 112 Misc 2d 692, 696-701 [1981]; *see also Mangla v University of Rochester,* 202 AD2d 1019 [1994]; *see generally* 29 USC § 1132 [a] [1] [B]). Present—Scudder, J.P., Kehoe, Gorski and Hayes, JJ.