██ STEPHEN NICHOLS, Appellant, v XEROX CORPORATION et al., Respondents. [825 NYS2d 847]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered July 6, 2005. The order, among other things, granted defendants' motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendants' motion and reinstating the second through sixth causes of action and as modified the order is affirmed without costs.

Memorandum: On March 5, 1984, defendant Xerox Corporation hired plaintiff, Stephen Nichols, as a service representative. In 2001 defendant Robert Mara allegedly approached plaintiff to persuade him to transfer to Mara's group and, according to the amended complaint, Mara promised plaintiff a promotion if he so transferred. Plaintiff transferred to the new group, but did not receive a promotion. Defendant Marie Hack subsequently accused plaintiff of threatening her. Plaintiff commenced this action asserting causes of action for, inter alia, breach of contract, negligence, misrepresentation, tortious interference with prospective advantage and defamation.

We agree with plaintiff that Supreme Court erred in granting defendants' motion for partial summary judgment dismissing the second through sixth causes of action, and we therefore modify the order accordingly.

The court erred in granting that part of defendants' motion for partial summary judgment dismissing the breach of contract cause of action because defendants failed to make a prima facie

showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although defendants submitted a Human Resources Manual (Manual) containing a disclaimer that the policies and standard practices set forth therein "are not intended to create, nor are they to be construed to constitute a contract, express or implied, between Xerox and any of its employees," the Manual does not contain the Code of Ethics or the harassment policy upon which plaintiff relies. Defendants thus failed to establish that the disclaimer applies to the alleged harassment policy and Code of Ethics and thus failed to establish that no contract existed as a matter of law (*cf. Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]).

The court also erred in granting that part of defendants' motion for partial summary judgment dismissing the negligence cause of action based on the preemptive effect of the Employee Retirement Income Security Act of 1974 (ERISA) (29 USC § 1001 *et seq.*). ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan" covered by ERISA (§ 1144 [a]; *see generally Nealy v US Healthcare HMO*, 93 NY2d 209, 217 [1999], *rearg denied* 93 NY2d 958 [1999]). In view of ERISA's expansive preemptive effect, the allegations of plaintiff that his disability benefits were untimely processed cannot be resolved on the basis of state negligence law (*see Holbrook v National Fuel Gas Distrib. Corp.*, 11 AD3d 1040, 1041 [2004]). State courts, however, have concurrent jurisdiction over civil actions brought by a plan participant or beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" (§ 1132 [a] [1] [B]; *see* § 1132 [e] [1]; *Holbrook*, 11 AD3d at 1042). On its face, plaintiff's negligence cause of action alleges facts sufficient to state a cause of action under ERISA (*see* § 1132 [a] [1] [B]; *see also Holbrook*, 11 AD3d at 1041).

Finally, the court erred in granting those parts of defendants' motion for partial summary judgment dismissing the misrepresentation, tortious interference with prospective advantage and defamation causes of action. The sole contention of defendants in their motion papers concerning those causes of action is that they are "deficient as a matter of law." Consequently, defendants failed to meet their initial burden on the motion of establishing their entitlement to judgment as a matter of law with respect to those causes of action (*see generally Zuckerman*, 49 NY2d at 562). Present—Gorski, J.P., Martoche, Smith and Pine, JJ.