FOURTH DEPARTMENT, DECEMBER, 2008

(December 31, 2008)

SIDNEY D. HOLBROOK, Respondent-Appellant, v NATIONAL FUEL GAS DISTRIBUTION CORPORATION et al., Appellants-Respondents. [871 NYS2d 543]—

Memorandum: Plaintiff, a former employee of defendant National Fuel Gas Distribution Corporation, commenced this action alleging that defendants wrongfully denied him benefits to which he was entitled pursuant to a "Separation Agreement" ending the employment relationship. On a prior appeal, we affirmed an order that, inter alia, denied those parts of defendants' motion to dismiss the first cause of action as time-barred and to dismiss the second cause of action for failure to state a cause of action and lack of subject matter jurisdiction (*Holbrook v National Fuel Gas Distrib. Corp.*, 11 AD3d 1040 [2004]). Plaintiff thereafter filed an amended complaint and moved for, inter alia, partial summary judgment on the second cause of action, seeking the value of certain "top hat" pension benefits, and defendants cross-moved for summary judgment dismissing the amended complaint and for summary judgment on their counterclaims.

Defendants contend that Supreme Court should have denied in its entirety that part of plaintiff's motion with respect to the second cause of action. We reject that contention. We agree with the court that the language of the Separation Agreement is unambiguous in its reservation of plaintiff's entitlement to top hat pension benefits as part of the deferred compensation program (*see generally Lipari v Maines Paper & Food Serv.*, 245 AD2d 1085 [1997]). We thus conclude that the Deferred Compensation Plan Committee (Committee) erred in rejecting plaintiff's claim for top hat benefits based on its interpretation of the Separation Agreement, whether we review the determination of the Committee either de novo or under an arbitrary and capricious standard (*see generally Miller v United Welfare Fund*, 72 F3d 1066, 1070-1071 [1995]). We conclude, however,

that the court erred in sua sponte granting partial summary judgment with respect to the second cause of action against the nonparty "Plan Administrator," presumably the Committee (*see generally Hartloff v Hartloff*, 296 AD2d 849 [2002]), and we therefore modify the order accordingly.

We reject the further contention of defendants that the court erred in denying that part of their cross motion for summary judgment dismissing the first cause of action, seeking stock options in accordance with the Separation Agreement. The broad terms of the release provision in the Separation Agreement appear to encompass plaintiff's claims for stock options available to plaintiff as an employee. The subsequent exceptions to the release provision, however, render the release ambiguous with respect to the parties' intentions concerning those stock options. Although extrinsic evidence is admissible (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]), the conflicting extrinsic evidence submitted by the parties creates an issue of fact that precludes summary judgment (*see Syracuse Orthopedic Specialists, P.C. v Hootnick*, 42 AD3d 890, 891 [2007]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court erred, however, in denying that part of defendants' cross motion for summary judgment dismissing the claim for specific performance, and we therefore further modify the order accordingly. We conclude on the record before us that the "exceptional instances in which . . . specific performance [would be] allowed" are not present in this case (*Simon v Electrospace Corp.*, 28 NY2d 136, 145 [1971]), and it cannot be said that the remedies available to plaintiff at law are "inadequate to accomplish substantial justice" (*Lucente v International Bus. Machs. Corp.*, 310 F3d 243, 262 [2002]).

We further conclude that the court properly denied that part of defendants' cross motion for summary judgment dismissing the third cause of action, seeking matching contributions to plaintiff's 401(k) plan, inasmuch as defendants failed to meet their burden of establishing their entitlement to that relief as a matter of law (*see generally Zuckerman*, 49 NY2d at 562). Finally, we conclude that the court properly denied that part of plaintiff's motion for partial summary judgment dismissing the counterclaims and that part of defendants' motion for summary judgment on the counterclaims inasmuch as there are triable issues of fact that preclude summary judgment (*see generally id.*). Present—Scudder, P.J., Hurlbutt, Green and Gorski, JJ.