HALSEY F. SHERWOOD, Respondent, v. MOTT P. GREENE et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered September 19, 1972 in Ulster County, which denied a motion for summary judgment dismissing the complaint. The present action is one to foreclose a mortgage in the sum of $20,000 given by defendants to the New Paltz Savings Bank and assigned to plaintiff. The mortgage provides for monthly installment payments of principal and interest in the sum of $179.77, together with an escrow payment to the bank to cover taxes, bringing the total monthly payment to $230. The mortgage contains an acceleration clause whereby in the event any part of a monthly payment is in default for 30 days the mortgagee at its option may declare the entire unpaid balance of principal due and owing. Concededly, defendants were in default in making the December, 1970 and January, 1971 payments. On January 27, 1971 plaintiff received a check from one of the defendants in the sum of $750 which was returned on the following day with a letter demanding payment of the entire principal remaining unpaid plus interest. When defendants did not comply, the present action to foreclose was commenced. Defendants moved for summary judgment and Special Term denied the motion on the ground that there were questions of facts necessitating a plenary trial. It is plaintiff's contention, among other things, that in addition to the unpaid installments of principal and interest due, there was also due the sum of $1,442.67 for school and property taxes. Consequently, he maintains the sum tendered by defendants was inadequate. Defendants, on the other hand, contend that the sum of $750 was more than adequate to cover all that was due at that time. An examination of the record, and particularly the documentary proof, establishes that in addition to the two monthly payments of $230 there was also due back taxes in the sum of $1,442.67. This latter sum should be, however, reduced by the sum of $1,273.68 held by the mortgagee in the escrow account, leaving only a balance of $168.99 due for taxes. Including even a charge

for late payment, the sum tendered exceeded the total amount due at that time. There are, in our opinion, no questions of fact to be resolved. A reading of the acceleration clause and paragraph 11 of Exhibit C in the instant mortgage clearly demonstrates that it was optional with the mortgagee, and not self-executing. Some manifestation on the part of plaintiff, therefore, was necessary to effectuate it. No such action was taken by the plaintiff until after defendants had tendered payment of all that was due at the time. It has been repeatedly held that a valid tender of a sum sufficient to fully expunge all defaults prior to the mortgagee's exercise of his option to accelerate is a total defense in an action to foreclose based upon an acceleration clause. (Cf. *Albertina Realty Co.* v. *Rosbro Realty Corp.,* 258 N. Y. 472; *Staten Is. Sav. Bank* v. *Carnival,* 39 A D 2d 779.) Judgment reversed, on the law, and summary judgment granted dismissing the complaint, with costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.