■ PRESIDENTIAL LIFE INSURANCE COMPANY, Respondent, v DOROTHY G. SAXON et al., Defendants, and EDNA D. GOODWIN, Appellant.—In an action to foreclose a mortgage on real property, defendant Edna D. Goodwin appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County, entered November 5, 1975, as, in granting her motion for reconsideration and renewal of a decision which granted plaintiff's motion for summary judgment and for the appointment of a Referee to compute, (1) adhered to the prior determination, (2) granted the motion for summary judgment and (3) appointed a Referee to compute. Order reversed insofar as appealed from, with $50 costs and disbursements, motion for summary judgment and for the appointment of a Referee to compute, denied, and action remanded to Special Term for further proceedings not inconsistent herewith, on condition that, within 20 days of the service upon appellant of a copy of the order to be entered hereon, together with notice of entry thereof, she deposit on account of the mortgage, with the clerk of the Supreme Court, Westchester County, the full amount of all of the monthly mortgage payments due under the subject mortgage, from May 1, 1973 to the date of the order to be made hereon, less the $250 per month payments made pursuant to the stay contained in the order of this court dated February 18, 1976, which deposit shall be subject to the control and direction of Special Term pending final determination of this action; other-

wise, order affirmed insofar as appealed from, without costs or disbursements. In our opinion there are triable issues of fact as to whether, prior to the July 13, 1973 mortgage acceleration by plaintiff, appellant had tendered to plaintiff, and plaintiff had wrongfully refused, the $393 monthly payments due on May 1, June 1 and July 1, 1973 (see *Sherwood v Greene,* 41 AD2d 881; *Katz v Sardove Realty Corp.,* 212 NYS2d 447). In this connection we note that appellant's affidavit of May 30, 1975 in opposition to plaintiff's motion, referring to three certified checks, each in the amount of $393, which were respectively dated May 1, June 1 and July 1, 1973 (purported photocopies of which were submitted), averred "it [plaintiff] had been offered by certified checks, the payments for each of the months of May, June and July, all of which plaintiff refused *before* accelerating its mortgage in July, 1973" (emphasis supplied). In further support of this assertion, Mrs. Goodwin presented the affidavit of her husband, Frank Goodwin, also dated May 30, 1975, which averred: "With respect to the incidents referred to by Mr. Faircloth [plaintiff's treasurer] and those set forth in the affidavit of my wife, Edna G. Goodwin, I wish to inform the Court that even though we have had difficulties in our financial matters, we did come up with the money to pay the plaintiff; when I was informed of the delinquency of the account I obtained sufficient money to convert into certified checks and sought to tender the checks to Mr. Faircloth. *We went to his office on numerous occasions seeking to deliver the checks to him, but for nonsensical [sic] reasons (those given by his secretary) he stayed away from us until after July 13, 1973.* When we finally confronted him and tendered the checks to him he stated that he would not accept them and insisted upon being paid the full amount of the mortgage; that the plaintiff was going out of the mortgage market and that our mortgage was about the last one owned" (emphasis supplied). We note that there is no affidavit from Mr. Faircloth's secretary. There is a direct conflict between plaintiff's averments that no such tender was ever made prior to July 13, 1973, and appellant's averments that it was so made. This conflict can only be resolved at a trial, at which there may be fully explored the time, place, manner and precise circumstances of the alleged certifications of the three checks, appellant's tender to plaintiff and plaintiff's purported pre-July 13, 1973 refusal of the tendered checks. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.