■ ARTHUR LITUCHY, Respondent-Appellant, v GUINAN LITHOGRAPHIC Co. INC., Respondent, and SHARON COSTINE, as Executrix of MATTHEW GUINAN, Deceased, Appellant-Respondent.—In an action for specific performance of an agreement whereby plaintiff was to receive 20% ownership of Guinan Lithographic Co., Inc., or for money damages in lieu thereof, (1) defendant Sharon Costine, as executrix, appeals from so much of an order of the Supreme Court, Suffolk County, dated March 16, 1977, as denied that portion of defendants' motion which sought dismissal of the complaint as against her and (2) plaintiff cross-appeals from so much of the said order as granted the motion to dismiss as against the corporate defendant, Guinan Lithographic Co., Inc. Order modified by deleting so much thereof as granted the branch of defendants' motion which sought dismissal of the complaint as against the corporate defendant, and substituting therefor a provision that the said branch of the motion is denied. As so modified, order affirmed, without costs or disbursements. Plaintiff was an employee of the defendant Guinan Lithographic Co. Inc. (Litho) for a period of more than 10 years. The deceased, Matthew Guinan, was the founder, chief executive officer and sole shareholder of Litho. In late 1969 plaintiff verbally agreed to give moneys to Matthew Guinan, to enable him to purchase equipment for Litho and for Guinan Publishing Corporation, another corporation of which he was the founder, chief executive officer and sole shareholder. It was agreed that for these moneys the plaintiff would be given 20% ownership in both corporations. No date certain was fixed for the delivery by Matthew Guinan of evidence of plaintiff's 20% ownership in both corporations. Between late 1969 and March, 1970 the plaintiff gave the moneys to Guinan. In March, 1970 Guinan gave written evidence, in his own handwriting, of this agreement. Again, no date certain was set for performance on Guinan's part. On November 23, 1970 the plaintiff was issued evidence of his 20% ownership in Guinan Publishing Corporation. He was not given any evidence of ownership in Litho; nor has he been issued any evidence to date. On November 24, 1976 plaintiff instituted this action for specific performance of the contract to convey 20% ownership of Litho or for money damages in lieu thereof. The issues presented are whether the action is barred by the Statute of Limitations under the six-year period prescribed in CPLR 213 (subd 2), and whether plaintiff has a cause of action against the defendant corporation. Special Term held that since the contract specifies no date or time of performance, the parties have a reasonable time to perform and that the cause of action accrues and the statute begins to run as soon as such reasonable time has expired (see *Brockhurst v Ryan,* 2 Misc 2d 747). We agree with this legal premise, and believe that the question as to what constitutes a reasonable time under the circumstances presented here is a factual one requiring a trial. Special Term also stated that, as a matter of law, the agreement to convey stock ownership was made between the plaintiff and the deceased, Matthew Guinan, individually, thereby relieving the corporation of any liability. We disagree. A determination of the

capacity in which Guinan acted at the time of the agreement requires further development of the facts at a trial. Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.