■ SIDNEY DICKSON et al., Appellants-Respondents, v LEONARD A. MITCHELL et al., Respondents-Appellants. — Cross appeals from an order of the Supreme Court at Special Term (Zeller, J.), entered August 27, 1981 in Delaware County, which, *inter alia,* denied plaintiffs' motion for partial summary judgment. Defendants Leonard and Kathleen Mitchell own real property at 11½ Roosevelt Avenue, Stamford, New York. In May, 1980, they listed the property for sale with Caroline Crane, a licensed real estate broker. In early October, plaintiffs were shown defendants' property by a salesman for Crane,

and subsequently plaintiffs made a verbal purchase offer to defendants through Crane. On October 6, 1980, Crane sent a memorandum to defendants, described as a real estate binder, which purported to recite the terms of sale to plaintiffs according to a telephone conversation between Crane and defendants the previous day. Defendants signed and returned a copy to Crane as agreed. There was no place on the memorandum for the signature of plaintiffs. The binder contained a provision requiring that "[a] contract of sale is to be sent to the prospective purchasers so that it can be given to their attorneys". After defendants' attorney prepared a contract and closing papers, which were delivered to plaintiffs, he was advised by defendants that they had "decided to discontinue negotiations". Plaintiffs then instituted an action for specific performance, and defendants raised the Statute of Frauds as a defense. Plaintiffs now appeal Special Term's denial of partial summary judgment on the issue of specific performance. Defendants cross-appeal, contending that Special Term should have granted summary judgment in their favor and dismissed the action on the ground that the transaction failed to comply with the Statute of Frauds. The Statute of Frauds provides that "[a] contract * * * for the sale, of any real property * * * is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing" (General Obligations Law, § 5-703, subd 2). Since the real estate binder is not subscribed by plaintiffs and, therefore, could not be enforced against them, it is not itself a contract (see *Schlegel Mfg. Co. v Cooper's Glue Factory,* 231 NY 459; 9 NY Jur, Contracts, § 10, p 529). If the binder is to prove the agreement as a "note or memorandum thereof", it must designate the parties, identify and describe the subject matter, and state all the essential and material terms of the agreement (*Read v Henzel,* 67 AD2d 186, 188; *Birnhak v Vaccaro,* 47 AD2d 915; *Tobias v Lynch,* 192 App Div 54, affd 233 NY 515). The binder satisfies these criteria. It recites the names and addresses of both the sellers and the prospective buyers, identifies the subject property by street number and lot dimensions, states the amounts of the purchase price, down payment and purchase-money mortgage, gives the term and the interest rate of the mortgage, and sets forth the closing date. The absence from the memorandum of a schedule of amortization or monthly mortgage payments is the major omission relied upon by defendants. However, since this information is ascertainable simply by consulting a standard table and can be implied, it is not a material omission (see *Wertheimer v Boehm,* 241 NY 575; *Weintraub v Kruse,* 234 NY 575). Therefore, the binder was sufficient to comply with the Statute of Frauds, and Special Term properly refrained from granting defendants summary judgment. For plaintiffs to have been awarded partial summary judgment granting specific performance, it was necessary for them to have established: (1) the absence of a triable issue of fact as to the existence of a contract, and (2) the validity of such contract under the Statute of Frauds. Plaintiffs have overcome the second of these hurdles, but not the first. As discussed above, the binder itself is not the contract, because it cannot be enforced against plaintiffs. They must establish a prior oral contract on which the binder was based. The fact that the real estate binder meets the requirements of the Statute of Frauds is merely evidence of, but is not conclusive proof of, the existence of an underlying oral contract (see *Read v Henzel,* 67 AD2d 186, 188, *supra*). Something additional is needed to prove conclusively the existence of such a prior oral contract. The record here clearly fails to set forth conclusive proof of any prior oral contract. A triable issue of fact is presented as to whether execution by both parties of a formal written purchase agreement to be prepared by defendants' attorney was necessary for a binding contract.

The binder refers to such a formal agreement, as does the discussion between defendants and Crane described in defendants' opposing affidavit. Language such as this is evidence that prior oral understandings were not deemed to be binding (see 1 Corbin, Contracts, § 30). A second triable issue of fact arises from the manner of the negotiations. The moving papers do not describe any face-to-face offer and acceptance between plaintiffs and defendants, and, therefore, the contract, if any, would have to have been created between plaintiffs and Crane acting as defendants' agent. The record certainly does not establish any actual or apparent authority on Crane's part to assent on defendants' behalf, and such authority is not presumed (*Friedman v New York Tel. Co.*, 256 NY 392; *Lee v Lloyd,* 111 Misc 405). Therefore, plaintiffs' motion for partial summary judgment was properly denied. Order affirmed, without costs. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.