■ LEANDRO LOPEZ, JR., et al., Appellants, v HIGHMOUNT ASSOCIATES et al., Respondents, et al., Defendants. — Appeal from a judgment of the Supreme Court in favor of defendants, entered June 17, 1983 in Ulster County, upon a decision of the court at Trial Term (Klein, J.), without a jury. ¶ On October 1, 1971, plaintiff Leandro Lopez, Jr., and Salustiano Franco sold a 240-acre parcel of land in Ulster County to defendants Peter S. Goertzel and his wife, Karen. As consideration for this parcel, the Goertzels made a $55,000 cash payment and also delivered to plaintiffs Leandro Lopez and his wife Aurora, a bond and purchase-money mortgage to secure a $30,000 indebtedness. The bond and mortgage called for the Goertzels to make payments of $269.65 per month, due on the first day of each month. Also, on October 1, 1971, Leandro Lopez and the Goertzels executed an ancillary agreement whereby Lopez would deed an additional five-acre parcel to the Goertzels in exchange for any five-acre plot contained in the original 240 acres.[1] The additional five acres to be conveyed to the Goertzels were of crucial importance since they provided the only access to a nearby road. ¶ The mortgage and bond signed by the Goertzels contained the following covenant: "That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any installment of principal or of interest for fifteen days * * *. An assessment which has been made payable in instalments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first instalment becomes due or payable or a lien." Despite the language of this covenant, on several separate occasions between March and December, 1979, plaintiffs agreed to accept late payment of the mortgage installments. And, in February, 1980, Peter Goertzel again requested that he be allowed to tender late payment of the January and February, 1980 installments. According to both Goertzel and Leandro Lopez, plaintiffs agreed to accept the January and February, 1980 installments in March, 1980, to be paid in one check together with the March installment. Subsequently, by check dated March 11, 1980, the Goertzels paid those installments. However, Leandro Lopez testified that he did not attempt to cash that check immediately; rather, he initiated this lawsuit to foreclose the mortgage on March 19, 1980, claiming that the Goertzels had "failed to comply with the terms and conditions on said mortgage * * * by omitting to pay the installment of principal and interest due January 1, 1980, and each month thereafter to date". ¶ In their complaint, plaintiffs listed as defendants the Goertzels, Highmount Associates (Highmount), Pine Hill Associates[2] and the New York State Tax Commission. Of these, only the Goertzels and Highmount filed answers. Highmount is a limited partnership, of which Peter Goertzel is a limited partner, to which the Goertzels had conveyed their interest in the 240-acre parcel. Both the Goertzels and Highmount asserted counterclaims in their answers, alleging that plaintiffs had willfully failed to carry out the exchange of property called for in the ancillary agreement, and that this failure had materially reduced the value of the adjoining 240 acres. The Goertzels demanded $100,000 in damages; Highmount demanded specific performance of the agreement through an injunction compelling plaintiffs to make the exchange. Both the Goertzels and

1. Plaintiff Aurora Lopez did not sign this agreement.
2. Pine Hill Associates is a limited partnership to whom the Goertzels had at one time conveyed the premises. This limited partnership did not appear at trial and has not appeared on appeal. The 240 acres were reconveyed to the Goertzels.

Highmount alleged that demand had been made upon plaintiffs to make the exchange. ¶ After trial, the court dismissed plaintiffs' complaint and ordered that plaintiff Leandro Lopez deliver the adjoining five-acre parcel to Highmount, conditioned upon Highmount exchanging another five-acre tract selected by Lopez. If Lopez failed to convey those five acres, Trial Term ordered that $48,000 in damages be paid by plaintiff Leandro Lopez to Highmount. This appeal by plaintiffs ensued. ¶ Plaintiffs' initial argument is that their action to foreclose the mortgage was improperly dismissed by Trial Term. Specifically, plaintiffs claim that the language of the mortgage itself grants them the right to foreclose after any payment is in default for 15 or more days. In this regard, while it is true that the language of the mortgage does not require the mortgagee to furnish any notice of default before foreclosing, the record herein amply supports Trial Term's finding that plaintiffs waived their rights under this clause by accepting payment from the Goertzels of a lump sum covering the January, February and March, 1980 installments (*Sherwood v Greene,* 41 AD2d 881, 882; see, also, *Fairmont Assoc. v Fairmont Estates,* 99 AD2d 895; *Karas v Wasserman,* 91 AD2d 812). ¶ Turning to the counterclaims, plaintiffs argue that said claims were barred by the Statute of Limitations. Plaintiffs assert that since the ancillary agreement was signed in 1971, and the counterclaims not commenced until 1980 and January, 1981, defendants failed to start their actions in a timely manner. ¶ The applicable Statute of Limitations for commencement of the instant counterclaims was six years (CPLR 213, subd 2). However, since no time for performance was fixed in the ancillary contract, the six-year period did not begin to run until one of the parties to the agreement made a specific demand for performance (*Rossi v Oristian,* 50 AD2d 44, 47; see, also, 22 NY Jur 2d, Contracts, § 283). The record indicates that the initial demand was made by Peter Goertzel in June, 1975. The counterclaims were brought within six years of that demand and, thus, are not barred by the Statute of Limitations. ¶ We have examined plaintiffs' remaining contentions and find them to be without merit. The judgment should, therefore, be affirmed. ¶ Judgment affirmed, without costs. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.