■ ELLEN W. STRASSBURG et al., Appellants, v SALVATORE RICOTTA et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, judgment vacated and notice of pendency reinstated. Memorandum: In this action for specific performance of a realty contract, plaintiff purchasers appeal from an order which denied their motion for summary judgment, granted defendants' motion for summary judgment dismissing the complaint and directed cancellation of the notice of pendency. Plaintiffs also appeal from the judgment entered with the order. Special Term held as a matter of law that the parties had never reached an agreement.

Sellers retained a real estate sales person to sell their home. On October 16, 1983 the agent delivered to sellers a completed real estate sales contract form subscribed by the purchasers. Sellers expressed their disapproval of the sales price and the down payment. In a telephone conversation between the agent and the purchasers, the purchasers agreed to changes in these particulars. The changes were handwritten on the form by the sales agent and the form was then subscribed by the sellers.

At the top of the first page of the form appears the handwritten phrase "A new contract will be prepared by the purchasers corporation attorney". Sellers disagree with purchasers' claim that those words were on the form when it was subscribed by sellers.

On October 17, 1983 the agent delivered the form to purchasers who initialed the handwritten items and then delivered the form to their attorney. The president of the corporate purchaser

testified at an examination before trial that his purpose in taking the contracts to the attorney was "so that he would perfect the contract * * * I did not want to do anything without his advice". The attorney added the word "or" between the names of the purchasers, caused to be typed on the bottom of the first page of the form the words "This contract is subject to Rider dated 10/ /83, attached hereto." The attached rider contains five paragraphs, at least one of which makes a substantial change in a material element contained in the writing subscribed by sellers. Subsequently sellers promptly rejected the contract.

Purchasers contend that an agreement was made in the telephone conversation between the sales agent and the purchasers, and that the Statute of Frauds (General Obligations Law, § 5-703, subd 2) was satisfied when the sellers subscribed the writing. Relying upon *Tymon v Linoki* (16 NY2d 293), purchasers seek specific performance of the form contract, excluding the rider. The decision in *Tymon* is not dispositive, however, because there the purchaser did nothing more than accept the seller's offer.

Mutuality of remedy is not essential to an action for specific performance (*Walter v Hoffman,* 267 NY 365), but until such time as a party becomes subject to the remedy, he is free to reject the agreement. Thus under ordinary principles of contract law, a purchaser who has not yet subscribed an agreement rejects it by the making of either a conditional acceptance or a counteroffer.

On this analysis, it is unimportant whether the words "A new contract will be prepared by the purchasers corporation attorney" were added before or after the sellers subscribed the writing. If intended to mean that there was no agreement until a new contract was drawn, the effect is obvious. Similarly, if they were later added by the purchasers with the same intent, they would constitute a conditional acceptance and be a rejection of the agreement. Conversely, if the parties intended to be bound by the agreement as expressed, without regard to the making of a "new contract", the phrase is surplusage and should be disregarded (see *Read v Henzel,* 67 AD2d 186).

In our view, the quoted phrase is ambiguous and it is unclear whether the parties intended to be bound by the writing without regard to whether a new contract was ever drawn (*Dickson v Mitchell,* 87 AD2d 697; cf. 21 NY Jur 2d, Contracts, §§ 31, 33). A fact question is presented which precludes the granting of summary judgment to either party. (Appeal from order and judgment of Supreme Court, Niagara County, Hannigan, J. — summary judgment.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.