■ VALERIE SUTTON, Respondent, v SCOTT BURDICK, as Executor of WESLEY BURDICK, Deceased, et al., Defendants, and RAYMOND HARVEY, Appellant. [906 NYS2d 634]—

Spain, J. Appeal from an order of the Supreme Court (McDonough, J.), entered September 23, 2009 in Rensselaer County, which granted plaintiff's motion to dismiss defendant Raymond Harvey's counterclaim.

Plaintiff, defendant Raymond Harvey (hereinafter defendant) and Wesley Burdick were the principals in a corporation, Riva Gold Enterprises, Inc., and a partnership, Green Valley Associates. In 1997, the parties entered into an agreement providing for the sale of certain real property owned by Riva Gold and defining the ways in which the sale proceeds would be used. The 1997 agreement also contemplated the termination of the parties' partnership and provided that one property would be transferred to plaintiff and Burdick with all remaining assets of Riva Gold and Green Valley to be transferred to defendant. The sale was completed in 1997, and the proceeds immediately applied as set out in the agreement, but the remaining property transfers contemplated by the agreement did not occur. After efforts to effectuate the remaining terms of the agreement failed in 2008, plaintiff commenced various actions and proceedings in

2009, including a proceeding seeking the dissolution of the Riva Gold corporation.* Defendant answered and asserted a counterclaim demanding specific performance of the 1997 agreement. Supreme Court granted plaintiff's motion to dismiss the counterclaim as time-barred, and defendant appeals.

There is no dispute that the six-year statute of limitations relating to contractual claims is applicable here (*see* CPLR 213 [2]). However, defendant asserts that the statute of limitations did not begin to run because his demand was a prerequisite to the performance of plaintiff and Burdick. We disagree. Defendant's claim accrued not, as he asserts, at the time he actually demanded and was refused performance, but rather at the time he could have done so; namely, when the failure of the parties to perform could be construed as a breach of the agreement (*see Woodlaurel, Inc. v Wittman*, 199 AD2d 497, 497-498 [1993]; *Braunwarth v Wellington*, 48 NYS2d 159, 161-163 [1943], *affd* 269 App Div 747 [1945]; cf. *Lopez v Highmount Assoc.*, 101 AD2d 618, 619 [1984]; *Rossi v Oristian*, 50 AD2d 44, 46-47 [1975]).

As the 1997 agreement specified no date by which performance was to occur, an implied term of the agreement was that plaintiff, Burdick and defendant had a reasonable time to perform, and no breach would occur until that reasonable time had elapsed (*see Nusca v Fodera*, 129 AD2d 568, 569 [1987]; *Lituchy v Guinan Lithographic Co.*, 60 AD2d 622, 622 [1977]). Ordinarily, what constitutes a reasonable time is a fact-specific inquiry (*see Bernstein v La Rue*, 120 AD2d 476, 477 [1986], *lv dismissed* 70 NY2d 746 [1987]; *Lituchy v Guinan Lithographic Co.*, 60 AD2d at 622). Here, however, the claim for nonperformance was not asserted for more than 12 years after the closing—which effectuated some of the terms of the 1997 agreement—had occurred. In the absence of any indication that performance was not possible in the immediate months and years following the agreement, we hold, as a matter of law, that such claim is now time-barred (*see Schwartz v Rosenberg*, 67 AD3d 770, 771 [2009]).

Defendant's remaining claim was not raised in Supreme Court and, accordingly, is not preserved for appellate review.

Cardona, P.J., Peters, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* That proceeding was subsequently consolidated, with another matter, into the present action.