█ CITIBANK, N.A., Respondent, v JOHN L. FIORILLA, Appellant. JOHN LEOPOLDO FIORILLA TRUST et al., Third-Party Plaintiffs-Appellants, v CITIGROUP FINANCIAL PRODUCTS, INC., Third-Party Defendant-Respondent. [994 NYS2d 566]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 2, 2013, awarding plaintiff Citibank, N.A. damages on its action to recover payment on a promissory note, and dismissing defendant John Fiorilla's counterclaim and the third-party complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 9, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant John Fiorilla does not dispute that he signed a promissory note with plaintiff Citibank and failed to make payments on the note upon plaintiff's demand. Rather, he claims that the note is subject to rescission on the ground that he was fraudulently induced into executing it based on misrepresentations made by Citibank and its affiliates, Citigroup Financial Products, Inc. and Citigroup Global Markets, Inc., that the note would be secured by the value of an investment he made on behalf of his trust in a fund called UBP Selectinvest ARV LP (UBP Investment or UBP Position). Fiorilla further claims that he decided to invest in the UBP Position based on misrepresentations made by the Citibank entities that the investment was low risk. However, any allegation of reasonable reliance on the alleged misrepresentations concerning the riskiness and volatility of the UBP Investment was contradicted by the detailed representations and warranties in the UBP "Confirmation" and subsequent Amendment Agreement, both signed by Fiorilla on behalf of the trust, disclaiming reliance on any oral or written representations concerning the investment and any guarantees made concerning the fund's performance (*see Citibank v Plapinger*, 66 NY2d 90, 94-95 [1985]; *Danann Realty Corp. v Harris*, 5 NY2d 317 [1959]; *Champion Mtge. Co. v Elmore*, 5 AD3d 140 [1st Dept 2004]). We note that, contrary to his assertion, Fiorilla is a highly sophisticated individual who has a law degree and has managed and co-founded various firms in the finance industry (*see Shea v Hambros PLC*, 244 AD2d 39, 47 [1st Dept 1998]).

Citibank's motion for summary judgment was not premature,

as Fiorilla failed to identify any unknown facts that could be discovered to salvage his deficient fraudulent inducement defense and claims (*see Hariri v Amper*, 51 AD3d 146, 152 [1st Dept 2008]). To the extent he asserts that discovery could lead to identification of the individuals at the three entities who allegedly conspired to defraud him, and communications among those individuals and entities, such additional information would not alter the absence of reasonable reliance on his part (*id.*). Concur—Tom, J.P., Acosta, DeGrasse and Gische, JJ.