# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1009**
**CA 15-00392**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

TODD T. POHLMAN AND TMAC HOLDINGS, LLC,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

MICHAEL R. MADIA, JOSEPH J. MADIA,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

BLAIR & ROACH, LLP, TONAWANDA (J. MICHAEL LENNON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

KLOSS STENGER & LOTEMPIO, BUFFALO (MITCHELL M. STENGER OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered November 13, 2014. The order denied the
motion of defendants Michael R. Madia and Joseph J. Madia for summary
judgment and granted summary judgment to plaintiffs on the issue of
specific performance of the contract.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint against defendants Michael R. Madia and Joseph J.
Madia is dismissed.

Memorandum: Plaintiffs commenced this action seeking specific
performance of a real estate contract involving commercial property
owned by defendants-appellants (defendants) on Grand Island. Supreme
Court denied defendants' motion for summary judgment dismissing the
complaint against them and searched the record to grant summary
judgment to plaintiffs, concluding that a meeting of the minds had
occurred between the parties and that the transaction should have
proceeded to closing. We now reverse and grant summary judgment to
defendants.

On August 28, 2013, Todd T. Pohlman (plaintiff) signed a contract
to purchase the subject property for $90,000, and defendants signed
the contract on September 15, 2013. The contract was contingent upon
approval by the parties' respective attorneys. Plaintiff's attorney,
Richard Pohlman, approved the contract on the condition that
defendants sign an addendum requiring them to, among other things,
provide plaintiff with a Phase I Environmental Assessment Report
(Phase 1 report) and a warranty representing that defendants had no

knowledge of any environmental problems with the property. Defendants' attorney, John Blair, conditionally approved the contract as well, proposing 12 relatively minor modifications of the contract and rejecting Pohlman's request for a Phase I report and an environmental warranty. Pohlman thereafter notified Blair by email that plaintiff had "ordered" a Phase I report and a structural analysis of the property, adding that, "[a]ssuming these reports come back reasonably OK, which we anticipate, we're good to go."

Six days later, by letter dated September 26, 2013, Pohlman advised Blair that he had "no problem" with defendants' proposed modifications of the contract. Pohlman further stated that, should a Phase II environmental report become necessary based on the results of the Phase I report, plaintiff expected defendants to pay for it. Blair responded that defendants would not agree to pay for a Phase II report. On October 16, 2013, attorney Michael Burwick, who was representing plaintiff because Pohlman was out of town, sent a letter to Blair stating that the "environmental and structure report inspections have been completed," and that plaintiff had "agreed to proceed" with the purchase of the property. Burwick thus asked Blair to forward him the "search and survey" so that he could prepare for closing. Blair informed Burwick that there was no contract in place because the contract had not been unconditionally approved by plaintiff's attorneys. Plaintiffs thereafter commenced this breach of contract action.

As the Court of Appeals has stated, "[c]larity and predictability are particularly important" in the area of law dealing with attorney approval of real estate contracts (*Moran v Erk*, 11 NY3d 452, 457). Here, we conclude that, although plaintiff could have unilaterally waived the environmental conditions that Pohlman placed on his approval of the contract inasmuch as those conditions benefitted only him (*see Regional Gravel Prods. v Stanton*, 135 AD2d 1079, 1079, *lv dismissed in part and denied in part* 71 NY2d 949), neither Pohlman nor Burwick clearly and unequivocally did so. Thus, the contract was never unconditionally approved by plaintiff's attorneys.

Contrary to plaintiffs' contention, Burwick did not waive any conditions or unconditionally approve the contract in his October 16, 2013 letter. Instead, Burwick merely stated that the environmental and structural reports had been completed and that plaintiff wished to proceed with the purchase. Although it may reasonably be inferred from the letter that the Phase I report had shown no environmental problems with the property and that a Phase II report was therefore unnecessary, no mention was made of the environmental warranty previously requested by plaintiff. "[C]onsiderations of clarity, predictability, and professional responsibility weigh against reading an implied limitation into the attorney approval contingency" (*Moran*, 11 NY3d at 457). If Burwick intended to waive the conditions placed by Pohlman on his approval of the contract, he should have done so expressly and not left anything for inference, or he should have stated that he, as plaintiff's counsel, unconditionally approved the contract as proposed by defendants. Because he failed to do so, we conclude that there was not a valid contract between the parties and

that the court erred in directing defendants to sell the property to plaintiffs.