*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                521023
_____

PAUL CALCAGNO JR.,

                    Respondent,

        v                                    MEMORANDUM AND ORDER

ALBERT ROBERTS et al.,

                    Appellants.
_____


Calendar Date:  October 23, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                         _____


        Rapport Meyers, LLP, Hudson (Victor M. Meyers of counsel),
for appellants.

        Law Office of John Hoggan, PLLC, Albany (John D. Hoggan Jr.
of counsel), for respondent.

                         _____


Devine, J.

        Appeal from an order of the Supreme Court (Koweek, J.),
entered February 25, 2015 in Columbia County, which denied
defendants' motion to dismiss the complaint.

        On July 28, 2014, plaintiff entered into an alleged
contract with defendant Albert Roberts to purchase two parcels of
real property in the Village of Kinderhook, Columbia County for
$900,000.  Roberts is the sole owner of defendants 8 Broad Street
Holdings, LLC and 12 Broad Street Kinderhook, LLC, the entities
that hold title to the properties.  The agreement contained an
attorney approval contingency and, on September 17, 2014, counsel
for defendants disapproved it and attempted to return the down
payment.  This action ensued, with plaintiff seeking a
declaration that the agreement was enforceable and an order

directing specific performance.  Defendants moved to dismiss the complaint based on the statute of frauds and the disapproval of the agreement by their attorney.[1]  Supreme Court denied the motion, and defendants appeal.

We affirm.  "The statute of frauds provides, as relevant here, that a contract for the sale of real property 'is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, [and] subscribed by the party to be charged'" (Post Hill, LLC v E. Tetz & Sons, Inc., 122 AD3d 1126, 1127 [2014], quoting General Obligations Law § 5-703 [2]).  Plaintiff produced a written purchase offer and deposit receipt that was signed by Roberts and styled as "a legally binding contract."  Indeed, the two men struck a provision in the document that would have allowed either of them to cancel the purchase offer if a formal contract of sale was not consummated.  There is no doubt that such an instrument will satisfy the statute of frauds if it unequivocally sets forth "all the essential elements of a contractual relationship . . . such as price, terms, parties and a description of the subject matter" (Bordeau v Oakley, 185 AD2d 417, 418 [1992]; see Post Hill, LLC v E. Tetz & Sons, Inc., 122 AD3d at 1127; McCormick v Bechtol, 68 AD3d 1376, 1378-1379 [2009], lv denied 15 NY3d 701 [2010], cert denied 562 US 1063 [2010]).  The agreement does so, and defendants' attempts to argue otherwise are unpersuasive.  Defendants point out "that 'the terms and conditions of a mortgage subject to which a purchaser is to take title to real property are essential and material elements of the contract'" (Wacks v King, 260 AD2d 985, 987 [1999], quoting Read v Henzel, 67 AD2d 186, 189 [1979]).  The agreement specifies that Roberts will loan purchase money to plaintiff at a set interest rate and

---

[1]  During the pendency of the motion to dismiss, plaintiff served an amended complaint that asserted an additional cause of action.  Because the amended complaint did not substantively alter the challenged causes of action, issues regarding the viability of the claims in the original complaint are not moot (see Aetna Life Ins. Co. v Appalachian Asset Mgt. Corp., 110 AD3d 32, 39 [2013]; Anthony J. Demarco, Jr., P.C. v Bay Ridge Car World, 169 AD2d 808, 809 [1991]).

hold a mortgage on the property for two years, and the amount of the loan may readily be implied from the fact that only $50,000 of the purchase price is otherwise accounted for (see Dickson v Mitchell, 87 AD2d 697, 698 [1982]; Rohrwasser v Al & Lou Constr. Co., 82 AD2d 1008, 1008-1009 [1981]; Lashway v Sorell, 51 AD2d 97, 98 [1976], appeal dismissed 39 NY2d 799 [1976]).  The agreement appears to set an interest rate of 3% for the mortgage, and parol evidence may be used to resolve any ambiguity created by markings on the document that may have been intended to alter that figure (see Balkum v Marino, 299 NY 590, 592 [1949]; Lashway v Sorell, 51 AD2d at 98-99).

Defendants further note that the agreement was contingent upon attorney approval, and that their attorney disapproved of it.  Plaintiff, seizing on the fact that the agreement only requires disapproval to be in writing, submitted the affidavit of his counsel in the real estate transaction, who averred that counsel for defendants had orally approved the agreement prior to disapproving it in writing.  Accepting plaintiff's representation as true, as we must in the context of a motion to dismiss by defendants (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Nelson v Lattner Enters. of N.Y., 108 AD3d 970, 971 [2013]), an unequivocal approval of the agreement would make it "binding and enforceable" against defendants (Schreck v Spinard, 13 AD3d 1027, 1027 [2004]; cf. Pohlman v Madia, 132 AD3d 1370, 1372 [2015]). In any case, the agreement "contained no time limit within which [counsel] had to cancel [it], and therefore a reasonable time for cancellation thereunder is implied" (Yuen v Kwan Kam Cheng, 69 AD3d 536, 537 [2010]).  Counsel for defendants did not disapprove the agreement until almost two months after it was executed and less than two weeks before the contemplated closing date. "Ordinarily, what constitutes a reasonable time is a fact-specific inquiry," and plaintiff's allegations as to what transpired between the parties preclude dismissal of the complaint (Sutton v Burdick, 75 AD3d 884, 885 [2010], lv dismissed 15 NY3d 874 [2010]; see Lituchy v Guinan Lithographic Co., 60 AD2d 622, 622 [1977]; compare Hegeman v Bedford, 5 AD3d 632, 632-633 [2004]).

Defendants' remaining arguments, to the extent that they are properly preserved for our review, have been examined and

found to be lacking in merit.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court