Kostyatnikov v HFZ Capital Group LLC (2023 NY Slip Op 00176)

Kostyatnikov v HFZ Capital Group LLC

2023 NY Slip Op 00176

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 160904/20 Appeal No. 17082 Case No. 2022-00957 

[*1]Sergey Kostyatnikov et al., Plaintiffs-Respondents,
v
HFZ Capital Group LLC, et al., Defendants, HFZ 235 W 75th Street Owner LLC, Defendant-Appellant.

Dechert LLP, New York (Gary J. Mennitt of counsel), for appellant.
Paykin Krieg & Adams, LLP, Purchase (Joseph N. Paykin of counsel), for respondents.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about February 14, 2022, which, to the extent appealed from as limited by the briefs, denied defendant HFZ 235 W 75th Owner's (Owner) motion to dismiss plaintiffs' claims for specific performance and permitted claims against Owner to advance under a theory of alter ego liability, unanimously affirmed, with costs.
The allegations in the complaint adequately pleaded a basis for piercing the corporate veil as against Owner to support plaintiffs' claims for specific performance requiring Owner to transfer certain specified condominium units to plaintiffs. Contrary to Owner's contention, a plaintiff is not required to plead the elements of alter ego liability with the particularity required by CPLR 3016(b), "but only to plead in a non-conclusory manner" (2406-12 Amsterdam Assoc. LLC v Alianza LLC, 136 AD3d 512, 512 [1st Dept 2016]). Here, the complaint adequately alleges that defendants Ziel Feldman and Nir Meir exercised domination and control over defendant entities, including Owner, through defendant HFZ Capital Group LLC, by abusing the corporate form to deprive plaintiffs of their investment. Those allegations, if established, support a finding that defendants "exercised complete domination of the corporation in respect to the transaction attacked; and . . . that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002 [2018]).
Although Owner urges that it was not until well after plaintiffs lost their investment, purportedly based on the other defendants' conduct, that one of the other defendant entities agreed to acquire the condominium units from Owner in order to fulfill defendants' obligations to plaintiffs, these circumstances reflect the very principles underlying alter ego liability and its "fact-laden" nature (see e.g. Ambac Assur. Corp. v Countrywide Home Loans, Inc., 150 AD3d 490, 492 [1st Dept 2017]). Here, Owner does not deny that it owned the condominium units at the time the parties entered into the agreement to transfer the units to plaintiffs, that Owner refused to deliver the units to plaintiffs, and at the time, it was owned by HFZ Capital and controlled by Feldman (see e.g. Anonymous v Anonymous, 165 AD3d 19, 28 [1st Dept 2018]). Those allegations are more than adequate to survive a pre-answer motion to dismiss.
Regarding the substantive claims for specific performance, plaintiffs have adequately alleged that the parties are capable of performing their remaining obligations, and upon a court order so directing, the parties can be placed in the position they would have been had the contract been performed, granting no party superior rights (Matter of Lamberti v Angiolillo, 73 AD3d 463, 464 [1st Dept 2010]). While Owner maintains that money damages would be sufficient to make plaintiffs whole[*2], it is well settled that real property is considered unique and therefore susceptible to claims for specific performance (see e.g. Cho v 401-403 57th St. Realty Corp., 300 AD2d 174, 175 [1st Dept 2002]). In any event, this specific objection was waived in paragraph five of the third side letter amendment.
We have considered Owner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023