Bennett v Bennett (2024 NY Slip Op 00107)

Bennett v Bennett

2024 NY Slip Op 00107

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

536190
[*1]Steven G. Bennett, Respondent,
v
Robert H. Bennett et al., Appellants.

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Maggs Law Offices, PLLC, Elmira (Bryan J. Maggs of counsel), for appellant.
Ryder Law Firm, East Syracuse (Jesse P. Ryder of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Elizabeth Aherne, J.), entered May 12, 2022 in Chemung County, which denied defendants' motion to dismiss the complaint.
On August 25, 2007, plaintiff and his wife entered into a written contract with defendants — plaintiff's aunt and uncle — for the installment purchase of a family farm for $70,000. On October 20, 2007, defendants deeded the property to plaintiff and his wife, and, pursuant to the terms of the contract, they began making monthly payments of $400 to defendants, in addition to paying other related expenses. The parties' respective versions of events part ways here. According to plaintiff, in 2012, defendants learned that plaintiff and his wife were divorcing and demanded that they execute a new purchase money mortgage and temporarily deed the property back to defendants to ensure that the wife would not have any claim to the family land. Both plaintiff and his wife entered into a new purchase money mortgage and a promissory note with defendants on February 28, 2012, which memorialized their promise to pay defendants $77,721 in periodic payments. On March 15, 2012, plaintiff and his wife executed an additional document provided to them by defendants' attorney to effectuate the reconveyance — an affidavit of title and deed in lieu of foreclosure. Plaintiff was contemporaneously provided with a new mortgage amortization schedule for continuing payments through February 1, 2025. However, in August of 2021, when plaintiff attempted to pay off the remainder of the principal owed on the property, defendants indicated that they had considered his monthly payments to be rent and informed him that he could purchase the property for a substantially higher price.
In contrast, defendants assert that plaintiff and his wife defaulted on the 2007 contract and that the parties executed the 2012 purchase money mortgage and promissory note to provide defendants greater security on the loan than the 2007 contract provided. Just two weeks later, plaintiff and his wife allegedly defaulted on the 2012 purchase money mortgage, and defendants therefore permitted them to transfer the deed in lieu of foreclosure, to relieve them of the mortgage and note.
Plaintiff commenced this action on January 6, 2022, seeking, among other relief, specific performance of the purchase agreement at the price set forth in the 2012 purchase money mortgage and note. In response, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), arguing that plaintiff waived his rights to purchase the property in 2012. Defendants proffered, among other evidence regarding the 2012 transfer, a 2016 recording document reflecting that the 2012 purchase money mortgage had since been discharged. Plaintiff in turn amended his complaint to include a cause of action for fraud, premised upon the allegedly fraudulent mortgage discharge and defendants' continuing acceptance of installment payments from him thereafter, and requested [*2]that the discharge be nullified. He subsequently broadened his theory of fraud to include the circumstances surrounding the 2012 conveyance itself. Defendants amended their motion to dismiss and plaintiff opposed. Supreme Court denied defendants' motion in its entirety. Defendants appeal.
On a motion to dismiss pursuant to CPLR 3211, we must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1429 [3d Dept 2021]). Additionally, where dismissal is sought pursuant to CPLR 3211 (a) (7) and, as here, the plaintiff has submitted affidavits, "a court may freely consider [those] affidavits," as "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Leon v Martinez, 84 NY2d at 88 [internal quotation marks and citation omitted]; see Carr v Wegmans Food Mkts., Inc., 182 AD3d 667, 669 [3d Dept 2020]). The essential elements of a cause of action sounding in fraud are a material misrepresentation of fact by the defendants, knowledge by the defendants of the falsity and their intent to induce reliance thereon, justifiable reliance by the plaintiff and damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Constantine v Lutz, 204 AD3d 1328, 1330 [3d Dept 2022]). To state a cause of action for specific performance of a real estate contract, a plaintiff must set forth sufficient facts to demonstrate that he or she substantially performed his or her contractual obligations and was willing and able to perform any remaining obligations, that the defendants were able to convey the subject property and that the plaintiff has no adequate remedy at law (see Lambert v Schiller, 156 AD3d 1285, 1289 [3d Dept 2017]; Tomhannock, LLC v Roustabout Resources, LLC, 115 AD3d 1074, 1076 [3d Dept 2014]).
Here, plaintiff alleged that, in 2007, defendants agreed to sell him and his wife their interest in the family farm for $70,000. In exchange for a warranty deed, plaintiff and his wife remitted $400 to defendants per month toward the purchase price and paid property taxes and certain other obligations. Following the 2007 conveyance, plaintiff and his wife immediately began renovating the farm, which was in disrepair, and plaintiff put hundreds of thousands of dollars into improving the home and property over the ensuing years. In 2012, plaintiff and his wife, who were then current on their payments, amicably decided to divorce. Despite the wife's assurances to defendants that she did not intend to make any claim to the farm, defendants insisted that plaintiff enter into a new purchase money mortgage and promissory note and that he meet with defendants' attorney to put the property back into [*3]defendants' names during the pendency of the divorce. According to plaintiff and his wife, as well as a sister of defendant Robert H. Bennett who was present for that family conversation, defendants made clear that this reconveyance was intended to be temporary. The sister further asserts that it was part of the agreement that, during the period of time when the property was in defendants' names, defendants would pay the necessary taxes and plaintiff would begin paying $450 per month on the same mortgage schedule as previously existed. On February 28, 2012, in the presence of defendants' attorney, plaintiff and his wife executed the new purchase money mortgage and promissory note. Plaintiff and his wife met with Robert Bennett and defendants' attorney again a couple of weeks later; at this time, they were presented with documents that they were told were necessary to sign in order to put the farm back into defendants' names. They then executed the subject affidavit of title and deed in lieu of foreclosure, while again being assured that the farm would be re-deeded to plaintiff after the divorce. Defendants' attorney then provided plaintiff with a mortgage amortization schedule that documented the remaining principal balance owed on the property as $77,721 and provided for continuing monthly payments from March 2012 to February 2025 in the amount of $450.
In 2021, after nine years of making those monthly payments to defendants, plaintiff approached defendants to seek a payoff amount on the mortgage and direction as to when the deed would be reconveyed to him. Plaintiff alleges that Robert Bennett became "erratic" and began seeking appraisals for the farm. Defendants ultimately requested that plaintiff include in the payoff amount certain property taxes and insurance costs incurred since 2012, for a total purchase price of $93,186, while regarding, for the first time, plaintiff's installment payments to date as "rent." Plaintiff questioned that characterization of his payments, and defendants raised the price to $253,800, representing a recent appraisal of the farm for $190,000 and "past due monies." When plaintiff questioned that increase, defendants raised the price to $450,000 and informed plaintiff that he had 60 days to provide documentation that he would be purchasing the farm or it would be sold to a third party. In response to a letter questioning this further increase, defendants threatened to have plaintiff evicted from the property. After this litigation was commenced, defendants disclosed that they had recorded the discharge of the 2012 purchase money mortgage in 2016.
Initially, plaintiff has set forth adequate facts of a material misrepresentation, including that defendants misrepresented to him that the affidavit of title and deed in lieu of foreclosure was merely a legal mechanism by which to temporarily reconvey the subject property to defendants in order to protect the family farm, that the property would be reconveyed to him at [*4]some point after his divorce was finalized, and that his continuing monthly installments were toward the purchase of the property for $77,721. Determination of whether a party's reliance is reasonable, or justifiable, is highly fact-intensive, and thus generally not amenable to resolution as a matter of law on a motion to dismiss (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1045 [2015]; DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [2010]). Given the familial relationship between the parties, the length of time making monthly payments before the 2012 reconveyance, the general circumstances of the divorce, the apparent disparity in legal representation and the mortgage amortization schedule prepared by defendants' attorney, we find that plaintiff has set forth adequate facts that, if proven, could demonstrate justifiable reliance, notwithstanding the standard provisions of the affidavit of title and deed in lieu of foreclosure (see Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 9-10 [1st Dept 2019]; Braddock v Braddock, 60 AD3d 84, 88 [1st Dept 2009]; cf. High Value Trading, LLC v Shaoul, 168 AD3d 641, 643 [1st Dept 2019], lv denied 33 NY3d 910 [2019]; Reiner v Reiner, 100 AD2d 872, 874 [2d Dept 1984]; compare Danann Realty Corp. v Harris, 5 NY2d 317, 320-321 [1959]; Citibank, N.A. v Fiorilla, 121 AD3d 435, 435 [1st Dept 2014]; Old Clinton Corp. v 502 Old Country Rd., 5 AD3d 363, 364-365 [2d Dept 2004]). Finally, plaintiff has also sufficiently pleaded pecuniary loss if he is not able to purchase the subject property for the 2012 sale price, including significant monetary investments and the sweat equity required to bring the farm out of a state of disrepair. Accepting his allegations as true, plaintiff has stated a claim for fraud. The fact that defendants have advanced an alternative version of events surrounding the 2012 reconveyance does not warrant a different conclusion at this procedural stage.
Success on the fraud claim would result in nullification of the 2012 conveyance and attendant documents and, thus, reinstatement of the agreement allegedly breached by defendants. We therefore turn to the claim for specific performance (compare Rojas v Paine, 101 AD3d 843, 846 [2d Dept 2012]).[FN1] Plaintiff has adequately alleged that the parties are capable of performing their remaining obligations, and, given the nature of the subject property, that he has no adequate remedy at law (see Kostyatnikov v HFZ Capital Group LLC, 212 AD3d 477, 479 [1st Dept 2023]). Plaintiff has thus also stated a cause of action for specific performance.
As for that branch of their motion pursuant to CPLR 3211 (a) (1), defendants assert that the plain language of the affidavit of title and deed in lieu of foreclosure cut off any right that plaintiff had under the 2012 purchase money mortgage and promissory note as a matter of law. "A motion to dismiss on the ground that the action is barred by documentary evidence may be appropriately granted [*5]only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. To qualify as documentary evidence, the evidence must be unambiguous and of undisputed authenticity and must resolve all factual issues as a matter of law" (New York Mun. Power Agency v Town of Massena, 188 AD3d 1517, 1518 [3d Dept 2020] [internal quotation marks, ellipsis, brackets and citations omitted]; see Leon v Martinez, 84 NY2d at 88). Here, the various documents proffered by defendants contain unambiguous language about the intended effect of their execution. However, plaintiff's claims all hinge upon the allegations that the 2012 reconveyance of the property to defendants was procured by fraud. Against this backdrop, we do not find that the submissions wholly resolve the issues presented.[FN2]
Turning last to CPLR 3211 (a) (5), defendants argue that the six-year limitations period on both of plaintiff's claims expired in March 2018, the claims having accrued in March 2012 when the 2012 purchase money mortgage and promissory note merged with the deed reconveying the property to defendants and plaintiff thus no longer had any contractual rights to the property (see generally CPLR 213 [4], [8]). Again, the instant litigation hinges upon defendants' alleged fraud in procuring that deed. An action based upon fraud must be commenced within six years of the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer (see CPLR 213 [8]; Faison v Lewis, 25 NY3d 220, 229 [2015]; Craven v Rigas, 85 AD3d 1524, 1526 [3d Dept 2011], lv dismissed 17 NY3d 932 [2011]). Although the discharge of the 2012 purchase money mortgage was recorded in 2016, the mere fact of recording is insufficient to constitute constructive notice of the alleged fraud "in the absence of some knowledge that would have required plaintiff[ ] to investigate the public records" (Guedj v Dana, 11 AD3d 368, 368 [1st Dept 2004]). According to the complaint, it was not until August 2021 that plaintiff had reason to revisit defendants' promise to reconvey the subject property, and it was not until defendants' response to this litigation that plaintiff had reason to believe that defendants' promise was fraudulent at its inception (see Sargiss v Magarelli, 12 NY3d 527, 532 [2009]). Similarly, it was not until August 2021 that defendants are alleged to have wrongfully refused to reconvey title to the property, and the agreement between the parties arguably contemplated a 2025 reconveyance (see Leonard v Cummins, 196 AD3d 886, 889 [3d Dept 2021]; Benn v Benn, 82 AD3d 548, 549 [1st Dept 2011]; compare Sutton v Burdick, 75 AD3d 884, 885 [3d Dept 2010], lv dismissed 15 NY3d 874 [2010]). Given the issues of fact as to when plaintiff's claims accrued, defendants' motion to dismiss on statute of limitations grounds was also properly denied.
The parties' remaining arguments[*6], to the extent not expressly addressed herein, have been examined and found to be without merit.
Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: It bears noting, however, that the matter more clearly presents a claim for potential imposition of a constructive trust (see generally Baker v Harrison, 180 AD3d 1210, 1211-1212 [3d Dept 2020]).

Footnote 2: To the extent that plaintiff's October 2021 offer to purchase the property for $182,000, by way of a unilaterally executed form purchase and sale agreement, may be considered documentary evidence within the meaning of CPLR 3211 (a) (1), it is similarly not dispositive in view of the acrimonious context and plaintiff's alleged efforts to simply settle the matter. The letter by plaintiff's counsel accompanying that offer does not meet the criteria for documentary evidence (see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874 [2d Dept 2023]; Carr v Wegmans Food Mkts., Inc., 182 AD3d at 668).